IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ARIPOV SHUKHRAT, et al.,** | **CIVIL ACTION** |
| Plaintiffs, | |
| v. | No. 12-4137 |
| **JANET NAPOLITANO, Secretary of Homeland Security, et al.,** | |
| Defendants. | |

**Goldberg, J.**                                                                                             **November 27 , 2013**

### MEMORANDUM OPINION

Plaintiffs, Shukhrat Aripov and Regina Zukauskiene, have brought suit challenging the United States Citizenship and Immigration Services' (USCIS) denial of their U-Visa applications. On May 22 and May 24, 2013, respectively, Plaintiffs and Defendants filed cross-motions for summary judgment. For the reasons stated below, Defendants' motion will be granted.

### I.     FACTUAL AND PROCEDURAL HISTORY[1]

Aripov, a native and citizen of Uzbekistan, and Zukauskiene, a native and citizen of Lithuania, entered the United States in 2001 as B-2 nonimmigrant visitors and stayed after their visas and native passports expired. (Pl's Stat. Facts, Doc. 12, at ¶ 1; Defs.' Stat. Facts, Doc. 13-1, at ¶¶ 1–2, 12–13.) In August 2009, Plaintiffs were assaulted in their home. After Aripov swore to a private criminal complaint, the perpetrator was charged with making terroristic

---

[1] The following facts are undisputed, unless otherwise noted.

1

threats, harassment, and simple assault.² (Pl's Stat. Facts, at ¶ 10; Defs.' Stat. Facts, at ¶¶ 1–2, 12–13.) Both Plaintiffs were witnesses in the proceeding, which was concluded after the entry of a Protective Order. (Aripov CAR 78; Pl's Stat. Facts, at ¶ 10; Defs.' Stat. Facts, at ¶¶ 25-27.) The criminal court judge who heard the case completed Supplement B to Form I-918, certifying that Plaintiffs had been helpful in the prosecution of criminal activity. (Aripov CAR 128-30; Zukauskiene CAR 36-38; Pl's Stat. Facts, at ¶ 10.)

In addition to significant mental anguish, (see Aripov CAR 141-46), the crime led to immigration problems for Plaintiffs. Because of police involvement in the investigation, immigration officers discovered Plaintiffs' status, and the Department of Homeland Security initiated removal proceedings, which remain pending in the Philadelphia Immigration Court. (Defs.' Stat. Facts, at ¶¶ 3–4, 14–15.) In response to these removal proceedings, Plaintiffs each filed a Form I-918, Petition for U-Nonimmigrant Status with the USCIS. (Pl's Stat. Facts, at ¶ 10.) The petition is so-named because 8 U.S.C. § 1101(a)(15)(U) allows USCIS to grant temporary lawful resident status, commonly known as a U-Visa, to alien victims of a crime who assist in the investigation or prosecution of that crime. See Torres-Tristan v. Holder, 656 F.3d 653, 656 (7th Cir. 2011). Included in each petition was a copy of an expired passport from Plaintiffs' respective home countries.³ (Defs.' Stat. Facts, at ¶¶ 4(h), 15(i).)

In January 2011, USCIS sent Plaintiffs identical letters indicating that their petitions were incomplete, and requesting additional information. (Aripov CAR 30-31; Zukauskiene CAR 79-80.) Specifically, the letter indicated that the copied passports Plaintiffs included in their petitions were expired, and asked that they either send copies of a valid passport, or seek waiver

---

² See 18 Pa. Cons. Stat. § 2706; 18 Pa. Cons. Stat. § 2709; 18 Pa. Cons. Stat. § 2701.

³ Although their Petitions were filed at slightly different times, for the purposes of summary judgment, they were identical in all material respects. (Defs.' Stat. Facts, at ¶¶ 4, 15.)

of the requirement by filing Form I-192, Advance Permission to Enter as a Nonimmigrant. USCIS further requested evidence demonstrating that the crimes perpetrated against them were substantially similar to qualifying crimes listed in the regulations for Form I-918 petitions.

Plaintiffs timely responded to the request, through counsel, but the response inexplicably included neither a valid passport nor a completed Form I-192. Instead, each included yet another copy of the expired passport, a copy of the applicable criminal statutes, and a legal brief explaining why the crimes committed against them qualified under the regulations. (Aripov CAR 173-76; Zukauskiene CAR 81-84.) As a result, Plaintiffs' U-Visa applications were denied on April 29 and May 19, 2011, in identical letters. (Aripov CAR 15-16; Zukauskiene CAR 9-10.) Each letter indicated that Plaintiffs "appear to meet all eligibility criteria" for a U-Visa, but were nonetheless ineligible because of their failure either to demonstrate that they were "admissible" nonimmigrants (by presenting a valid passport), or to seek a waiver.

Following the denial, Plaintiffs each submitted Form I-192, but both applications for waiver were denied because Plaintiffs no longer had pending U-Visa petitions. Aripov CAR 35, 198; Zukauskiene CAR 7, 124.) In between these two denials, Plaintiffs filed appeals with the Administrative Appeals Office (AAO). (Aripov CAR 13; Zukauskiene CAR 17.) In dismissing the appeals, the AAO agreed that Plaintiffs were inadmissible to the United States because they lacked a valid passport, and further concluded that Plaintiffs did not meet the statutory criteria for a U-Visa because none of the crimes with which their assailant was charged were qualifying crimes under 8 U.S.C. § 1101(a)(15)(U)(iii).[4] (Aripov CAR 5-10; Zukauskiene CAR 1-6.)

---

[4] The AAO took no position on the denial of I-192 waiver, noting that under the applicable regulation, 8 C.F.R. 212.17(b)(3), there "is no appeal of a decision to deny a waiver," and it therefore lacked jurisdiction to question the propriety of the denial.

On July 20, 2012, prior to the AAO's decision in their appeals, Plaintiffs filed a complaint in this Court asserting that USCIS incorrectly denied their petitions for U-Visas, and also asking the Court to compel the AAO to adjudicate their appeals. Plaintiffs alleged violations of the Administrative Procedure Act, 5 U.S.C. §702, the law of mandamus, 28 U.S.C. §1361, and Fifth Amendment procedural due process. In May 2013, the appeals having been decided and dismissed by the AAO, both parties filed motions for summary judgment. The motions are now fully briefed and ready for disposition.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). At this stage, however, "[m]ere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact." See, e.g., August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir. 1992).

In reviewing an agency's action under the Administrative Procedure Act, a District Court may reverse only if it finds that the agency's determination was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This is a limited and deferential review that in this case requires the court to determine whether the agency conformed its conduct to the controlling statutes.[5] N.J. Envtl. Federation v. U.S. Nuclear Regulatory Comm'n., 645 F.3d 220, 228 (3d Cir. 2011).

---

[5] The Court recently requested additional submissions from the parties with respect to the Court's jurisdiction to review denial of a U-Visa. See Mondragon v. United States, 839 F. Supp. 2d 827, 829 (W.D.N.C. 2012) ("Because USCIS bases its U visa determinations entirely and solely on its own discretionary review of the evidence that aliens submit when petitioning for a U visa, the court has no basis to decide whether USCIS abused its discretion."). The parties agree, as does the Court, that we do have jurisdiction to review the agency's conclusion that Plaintiffs

### III.     DISCUSSION

Defendants primary argument is that Plaintiffs were ineligible for U-Visas because they were inadmissible to the United States, and failed to file a timely application to waive their inadmissibility.  Defendants further argue that the denial of a U-Visa was proper because, as the AAO concluded, Plaintiffs were not the victims of a qualifying crime.

Under the relevant statutes and regulations, there are two prerequisites to eligibility for a U-Visa.  First, the petitioner must be "admissible to the United States," 8 C.F.R. § 214.1(a)(3)(i); Torres-Tristan, 656 F.3d at 657, or, if inadmissible (say, for lack of a valid passport), must have had all grounds for inadmissibility waived after filing Form I-192, 8 C.F.R. § 214.14(c)(2)(iv).  Second, the petitioner must satisfy the four requirements set out in 8 U.S.C. § 1101(a)(15)(U)(i):

> (I) the alien has suffered substantial physical and mental abuse as a result of having been a victim of criminal activity described in clause (iii);
>
> (II) the alien . . . possesses information concerning criminal activity described in clause (iii);
>
> (III) the alien . . . has been helpful, is being helpful, or is likely to be helpful to . . . authorities investigating or prosecuting criminal activity described in clause (iii); and
>
> (IV) the criminal activity described in clause (iii) violated the laws of the United States or occurred in the United States . . . .

Clause (iii) provides a list of qualifying criminal activity (including "felonious assault," which is the primary category under which Plaintiffs claimed eligibility for a U-Visa), and notes that "any similar activity" will also qualify.  8 U.S.C. § 1101(a)(15)(U)(iii).

---

do not meet the statutory eligibility criteria to be eligible for a U-Visa. See Uddin v. U.S. Citizenship & Immigration Servs., 437 Fed. Appx. 196, 199 (3d Cir. 2011) (observing that eligibility determinations based on statutes are a "purely legal threshold inquiry," that do no implicate agency discretion).

It is undisputed that, after entering this country in 2001, Plaintiffs overstayed their visas, and allowed their native passports to expire.[6] The lack of a valid passport made both of them inadmissible to the United States under the Immigration and Nationality Act. See 8 U.S.C. § 1182(a)(7)(B)(i) ("Any nonimmigrant who . . . is not in possession of a passport valid for a minimum of six months from the date of the expiration of the initial period of the alien's admission or contemplated initial period of stay authorizing the alien to return to the country from which the alien came . . . is inadmissible."). Because Plaintiffs were inadmissible, they were required to seek a Form I–192 waiver of inadmissibility. See 8 C.F.R. § 214.14(c)(iv). Yet even after USCIS requested additional evidence in the form of a valid passport or a request for waiver, Plaintiffs still did not submit the appropriate paperwork. USCIS therefore properly concluded that Plaintiffs were inadmissible and ineligible for a U-Visa.[7]

Plaintiffs argue that USCIS's "requirement of valid passport goes well beyond the statutory language" governing U-Visas, and that Plaintiffs therefore should not have been required to produce one. By "requirement," they mean 8 C.F.R. § 214.1(a)(3)(i), which provides

---

[6] Plaintiffs assert in their motion for summary judgment that they "were unable to obtain valid passports, because [the Department of Homeland Security], of which USCIS is a part, held their original passports and/or their home countries refused to renew or extend their passports." (Pl's Stat. Facts, at ¶ 10.) This vague allegation of wrongdoing on the part of DHS is unsupported by any citation to the record, and is therefore insufficient to present a genuine issue of fact. F.R.C.P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record.").

[7] This Court, like the AAO, lacks jurisdiction to determine the propriety of the denial of Plaintiffs' late-filed Form I-192s. Under the Administrative Procedure Act, judicial review is not available when the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). 8 U.S.C. § 1182(d)(14) provides that the Secretary of Homeland Security may waive most grounds of inadmissibility in the nonimmigrant U-Visa context if, in his or her "discretion," it is "in the public or national interest to do so." See also 8 C.F.R. § 212.17(b)(1) ("USCIS, in its discretion, may grant the waiver"); 8 C.F.R. § 212.17(b)(3) ("There is no appeal of a decision to deny a waiver."); Torres-Tristan, 656 F.3d at 657-58 (court lacked jurisdiction to consider denial of I-192 waiver).

that "[e]very nonimmigrant alien who applies for admission to, or an extension of stay in, the United States, must establish that he or she is admissible to the United States." The problem with Plaintiffs' argument is that this regulation was not concocted out of whole cloth, but taken directly from the applicable statutes. 8 U.S.C. § 1182(a) provides generally that "aliens who are inadmissible . . . are ineligible to receive visas," and subsection (a)(7)(B)(i) defines as inadmissible any nonimmigrant "not in possession of a passport valid for a minimum of six months from the date of the expiration of the initial period of the alien's admission or contemplated initial period of stay." And 8 U.S.C. § 1182(d)(14) requires the Secretary of Homeland Security to "determine whether a ground of inadmissibility exists with respect to a nonimmigrant" applicant for a U-Visa. Thus, in requesting that Plaintiffs' produce a copy of a valid passport or seek waiver, USCIS was not inventing requirements that did not exist in the statute, but was simply following the law.

Accordingly, USCIS appropriately concluded that Plaintiffs were ineligible for U-Visas because of their inadmissibility and failure to receive a waiver. The Court need not address Defendants' alternative argument that Plaintiffs were not the victims of a qualifying crime under 8 U.S.C. § 1101(a)(15)(U)(iii).[8]

## IV. CONCLUSION

Plaintiffs are unable to establish a violation of the Administrative Procedure Act, 5 U.S.C. § 702, the law of mandamus, 28 U.S.C. §1361, or Fifth Amendment procedural due process. Therefore, we find that summary judgment for the Defendants is appropriate. Our Order follows.

---

[8] Defendants are also entitled to summary judgment on Plaintiffs' due process claim, because their "due process argument merely recasts [their] abuse-of-discretion argument in constitutional terms and can be denied for the reasons already stated." Khan v. U.S. Attorney General, 448 F.3d 226, 236 (3d Cir. 2006). Moreover, there is no indication that Plaintiffs' were not given a fair chance to pursue their applications for U-Visas. See id. at 235-36.